IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss, Sr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Scott S. Harris, U.S. Supreme )<br>Court Clerk, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 2:21-cv-218-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Darrell L. Goss, Sr.'s ("Goss" or "Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that Defendant Scott S. Harris, the Clerk of the United States Supreme Court, refused or neglected to file his petition for writ of certiorari with the Supreme Court, and that he has suffered "physical, mental, and emotional pain" as a result. (ECF No. 1 at 7-8.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 30, 2021, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining Plaintiff's complaint and recommending that the Court declined to give Plaintiff leave to amend and dismiss this action with prejudice and without issuance and service of process. In her Report, the Magistrate Judge first noted that there is no indication that the Supreme Court received Plaintiff's petition, but that, even assuming it did, Plaintiff's complaint is subject to summary dismissal because Defendant Harris is entitled to quasi-judicial immunity for performing his official duties, to the extent Plaintiff seeks monetary damages. In addition, the Magistrate Judge found that Plaintiff's claims

for injunctive relief are subject to summary dismissal because this Court lacks judicial authority over the United States Supreme Court and its Clerk of Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff filed objections to the Magistrate Judge's Report and a motion to expedite review. The only specific objection raised by Plaintiff is his assertion that the Magistrate Judge erred in finding that Defendant Harris is entitled to quasi-judicial immunity. Specifically, Plaintiff asserts that Defendant Harris has no discretion to file papers and therefore is not subject to quasi-judicial immunity.

After review, the Court is not convinced by Plaintiff's objections and agrees with the Magistrate Judge that this action is subject to summary dismissal. First, the Court finds that Defendant Harris is entitled to quasi-judicial immunity to the extent Plaintiff seeks damages. *See, e.g., Curry v. U.S. Supreme Ct.*, No. 1:16-cv-02733-JFA, 2017 WL

5951984, at *2 (D.S.C. Dec. 1, 2017), aff'd, 755 F. App'x 257 (4th Cir. 2019) (applying quasi-judicial immunity to U.S. Supreme Court Clerk, Scott S. Harris); *Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *6 (D.S.C. Aug. 26, 2020), adopted, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (collecting cases where clerks were entitled to quasi-judicial immunity for various docketing and filing errors); *McFarlin v. Harris*, No. 2:17-cv-3215-CMC-MGB, 2017 WL 9275087, at *3 (D.S.C. Dec. 14, 2017), adopted, 2018 WL 416560 (D.S.C. Jan. 16, 2018), aff'd, 717 F. App'x 354 (4th Cir. 2018) (applying quasi-judicial immunity to two employees of the Clerk of Court for the U.S. Supreme Court who failed to file a petition).  Second, the Court finds that Plaintiff's claims for injunctive relief are subject to summary dismissal because the Court lacks authority over the U.S. Supreme Court and its Clerk of Court.  *See Jackson v. Suter*, No. 1:14-cv-00027-UNA, 2014 WL 98624, at *1 (D.D.C. Jan. 3, 2014), aff'd, 574 F. App'x 4 (D.C. Cir. 2014) (explaining that the district court "has no authority to determine what action, if any, must be taken by the Supreme Court and its administrative officers").

Accordingly, based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9); overrules Plaintiff's objections (ECF No. 12); finds Plaintiff's motion to expedite moot (ECF No. 11); and dismisses Plaintiff's complaint without giving Plaintiff leave to amend and with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

May 5, 2021
Charleston, South Carolina

3

## **NOTICE OF RIGHT TO APPEAL**

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.